UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHA'WANN LAMAR,

        Plaintiff,

  v.                                    CAUSE NO. 3:21-CV-398 DRL-MGG

T. LENOVER,

        Defendant.

OPINION AND ORDER

Kha'wann Lamar, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. Upon review of his response, the order to show cause is discharged. Mr. Lamar is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Lamar is incarcerated at Indiana State Prison. He claims that on February 6, 2021, he was experiencing "mental distress" due to repeated nightmares and "called for help" from his cell. Officer T. Lenover responded to his calls. The officer allegedly began to yell at him about making too much noise, called him a racial slur, and told him to "cuff the fuck up." Mr. Lamar claims he submitted to being handcuffed. He further claims he was not offering any resistance; but, after he was handcuffed, Officer Lenover allegedly shoved him into the hallway while continuing to call him racial slurs. As they were walking to another area of the prison, Officer Lenover allegedly pushed him down a flight of stairs, causing him pain and injury. Based on these events, he sues Officer Lenover for money damages.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Mr. Lamar the inferences to which he is entitled at this stage, he has plausibly alleged an excessive force claim against Officer Lenover.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer T. Lenover in his personal capacity for money damages for using excessive force against him on February 6, 2021, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer T. Lenover at the Indiana Department of Correction and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(5) ORDERS Officer T. Lenover to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 15, 2021        *s/ Damon R. Leichty*
Judge, United States District Court