UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHA'WANN LAMAR,

    Plaintiff,

v.

T. LENOVER,

    Defendant.

CAUSE NO. 3:21-CV-398 DRL-MGG

OPINION AND ORDER

Kha'Wann LaMar, a prisoner without a lawyer, is proceeding in this case "against Officer T. Lenover in his personal capacity for money damages for using excessive force against him on February 6, 2021, in violation of the Eighth Amendment[.]" ECF 8 at 3. Officer Lenover moved for summary judgment, arguing Mr. LaMar did not exhaust his administrative remedies before filing suit. ECF 17. Mr. LaMar filed a response, and Officer Lenover filed a reply. ECF 22, 23. The summary judgment motion is fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278,

282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). Courts have recognized three ways in which a grievance process may become unavailable. *Ross v. Blake*, 578 U.S. 632 (2016). First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may

2

promise) it operates as a simple dead end — with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* at 643-44. "And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

In his complaint, Mr. LaMar asserted he submitted a grievance regarding Officer Lenover's use of force but never received any response from the grievance office. ECF 1 at 3. In his summary judgment motion, Officer Lenover argues Mr. LaMar did not exhaust his administrative remedies because, even assuming he submitted a grievance regarding Officer Lenover's use of force and received no response from the grievance office, it is undisputed he did not file any grievance appeals. ECF 18 at 5. Specifically, Officer Lenover provides an affidavit from the prison's Grievance Specialist, who attests the grievance office did not receive any timely grievances or grievance appeals from Mr. LaMar related to Officer Lenover's use of force. ECF 17-1 at 7. Further, the Grievance Specialist attests that, even assuming Mr. LaMar submitted a grievance regarding Officer Lenover's use of force and did not receive a response from the grievance office, Mr. LaMar did not comply with the Offender Grievance Process' requirements to (1) notify the grievance specialist of the lack of response after ten business days and (2) appeal the grievance as though it had been denied after twenty business days. *Id.*

In his response, Mr. LaMar raises several arguments. ECF 22. First, Mr. LaMar argues he submitted two grievances in February 2021 regarding Officer Lenover's use of

3

force and never received any response from the grievance office. *Id.* at 1. However, even assuming Mr. LaMar submitted two grievances and received no response from the grievance office, he provides no evidence he complied with the Offender Grievance Process' requirements to notify the grievance specialist of the lack of response after ten business days and submit a written appeal after twenty business days. *See* ECF 17-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact"); *id.* at 12 ("If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied"). Thus, Mr. LaMar cannot rely on his February 2021 grievances to show exhaustion.

Second, Mr. LaMar argues the prison discouraged him from pursuing a lawsuit against Officer Lenover by putting him on suicide watch without appropriate clothing and placing him in segregation for eleven months, which caused him to fear for his safety. ECF 22 at 1-2. But Mr. LaMar does not explain when this conduct occurred or how it prevented him from exhausting his administrative remedies prior to filing this lawsuit. Specifically, it is undisputed Mr. Lamar was able to submit a formal grievance complaining of Officer Lenover's use of force, and he does not explain how the prison's conduct prevented him from fully exhausting that grievance.

Third, Mr. LaMar argues that at some point before Officer Lenover's use of force he "was told inmates cannot grieve staff performance and conduct." *Id.* at 2. But Mr.

4

LaMar does not explain who told him this information and he does not dispute he had access to the Offender Grievance Process, which lists "actions of individual staff" as grievable conduct. ECF 17-2 at 3; ECF 17-1 at 6 (attesting that prisoners are provided information about the Offender Grievance Process during orientation and have access to a copy of the Offender Grievance Process at all times).

Last, Mr. LaMar argues his failure to exhaust his administrative remedies should be excused because he feared for his safety and the grievance office did not respond to his grievances. ECF 22 at 3. However, this court has no authority to grant Mr. LaMar an exception to the PLRA's grievance requirement based on these circumstances. *See Ross*, 578 U.S. at 639 (the statutory exhaustion requirement in the PLRA is mandatory, and the court lacks authority to excuse a prisoner from the exhaustion requirement to account for special circumstances); *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1175 (7th Cir. 2010) (imminent danger of serious physical injury and "the imminent-danger exception [of 28 U.S.C. § 1915(g)] does not excuse a prisoner from exhausting remedies"). Moreover, Mr. LaMar has provided no evidence prison administrators thwarted him from taking advantage of the grievance process through intimidation, as it is undisputed he was able to submit a grievance and he does not explain why he was afraid to appeal that grievance. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (because the plaintiff failed to provide specifics about how he was prevented from exhausting, summary judgment for the defendants was proper); *Trade Fin. Partners, LLC*, 573 F.3d at 407 ("speculation" and "conjecture" is not enough to defeat a motion for summary judgment).

5

Accordingly, the undisputed facts show Mr. LaMar did not exhaust his claim against Officer Lenover prior to filing this lawsuit, and Mr. LaMar has not provided any evidence the grievance process was unavailable to him. Thus, because Officer Lenover has met his burden to show failure to exhaust, summary judgment is warranted in his favor.

For these reasons, the court:

(1) GRANTS Officer Lenover's motion for summary judgment (ECF 17); and

(2) DIRECTS the clerk to enter judgment in favor of Officer Lenover and against Kha'Wann LaMar and to close this case.

SO ORDERED.

June 10, 2022                                        *s/ Damon R. Leichty*
                                                     Judge, United States District Court